# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)   2: 11-cr-00200<br>v.                                              )   2: 14-cv- 1708<br>)<br>WESLEY A. MCDANIELS         )| |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 65) filed by Defendant Wesley McDaniels, with an attached legal argument in support. The government filed a response in opposition to the motion, and the motion is ripe for disposition.

Factual and Procedural Background

On August 30, 2011, a federal grand jury returned a one-count indictment which charged McDaniels with conspiracy to distribute one kilogram or more of heroin from February 2009 through May 2011 "with persons both known and unknown to the grand jury." McDaniels was the only named Defendant.

On May 2, 2012, the government filed a § 851 Information to establish that McDaniels had four previous felony drug convictions. On May 3, 2012, McDaniels entered a plea of guilty to a lesser-included offense at Count 1 of the Indictment, namely conspiracy to distribute 100 grams or more of heroin, pursuant to a written plea agreement with the government. As relevant to the instant motion, pursuant to ¶ A(6) of the plea agreement McDaniels agreed that he would

1

waive his right to take either a direct appeal or a collateral appeal under 28 U.S.C. § 2255 of his conviction or sentence. The Court conducted an extensive colloquy to determine that the guilty plea entered by McDaniels, including the waiver of his right to file a collateral appeal pursuant to § 2255 was knowing and voluntary. The colloquy also ensured that McDaniels was aware of the elements of the charged offense and was informed of a summary of the government's evidence. *See* Transcript at 25-27.

After preparation of a presentence investigation report and numerous filings by both McDaniels and the government, the Court conducted a sentencing hearing on February 15, 2013. McDaniels was sentenced to 262 months of imprisonment, which represented the low end of the advisory guideline range. One week after the sentencing hearing, McDaniels filed a pro se motion to withdraw his guilty plea, which the Court denied.

On March 27, 2013 McDaniels filed a Notice of Appeal to the Third Circuit. The government filed a motion to enforce the "appellate waiver" contained in the plea agreement. On September 11, 2013, the Court of Appeals for the Third Circuit granted the government's motion and summarily dismissed the appeal filed by McDaniels.

On December 17, 2014 McDaniels filed the pending § 2255 motion, which seeks relief from his conviction and sentence. His § 2255 petition sets forth three grounds for relief: (1) that his guilty plea was not knowing, intelligent and voluntary because he did not understand the "agreement" element of a conspiracy offense; the indictment does not charge any co-Defendants; the only other participant was a cooperating witness; and the government's evidence supported only a "buyer-seller relationship"; (2) ineffective assistance of counsel for providing incorrect legal advice regarding a conspiracy offense; and (3) a request for this Court to hold its decision in abeyance so that McDaniels may challenge his designation as a Career Offender.

In opposing McDaniels's motion, the government contends, first, that he knowingly and voluntarily waived his right to file a § 2255 motion in the plea agreement. The government notes that the Court of Appeals for the Third Circuit has already enforced the waiver of McDaniels' right to take a direct appeal, which is contained in the same provision of the plea agreement. In addition, the government contends that the substance of McDaniels' contentions are without merit. The Court concludes that an evidentiary hearing is not necessary.

A. Validity of § 2255 Waiver

In *United States v. Joseph*, 2014 WL 2002280 (W.D. Pa. May 15, 2014), Judge Ambrose cogently summarized the current status of the law with respect to whether § 2255 waivers, such as that contained in McDaniels' plea agreement, remain valid and enforceable.

> Generally, in this Circuit, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). Although the attorney ethics surrounding such waivers have recently been called into question, our Court of Appeals has since affirmed their enforceability as a legal matter. *E.g., Muller v. Sauers*, 523 Fed. Appx. 110, 111–12 (3d Cir. 2013). *Khattak*, which rejected an argument similar to that which Defendant now advances, remains in force in this Circuit generally, and in the collateral attack context specifically. *See, e.g., United States v. Murray*, 483 Fed. Appx. 690 (3d Cir. 2012). As the above-referenced Ethics Opinion acknowledges, the Advisory Committee's position is "aside from whether the courts might approve such waivers." Ethics Advisory Opinions are not binding on federal courts. Although our Court of Appeals may someday declare collateral attack waivers per se invalid in light of the ethical dilemmas they present, it has not done so to date. *Cf. United States v. Grimes*, 739 F.3d 125 (3d Cir. 2014). Absent guidance from our appellate court, I am unwilling to arrive at such a rule.

The Court agrees with this analysis.

Upon examination of the record, it is clear that McDaniels waived his right to file a collateral attack of his conviction and/or sentence and did so knowingly and voluntarily.

3

The Court was aware of the prior felony drug convictions committed by McDaniels and the lengthy advisory guideline term of imprisonment he faced. Accordingly, throughout the plea colloquy, the Court exercised care to ensure that McDaniels understood his constitutional rights, the mandatory minimum and maximum sentences he faced, and the terms of his plea agreement with the government – including the waivers of direct and collateral appeal.

The Court specifically explored McDaniels' agreement to waive his right to file a §2255 collateral attack of his conviction or sentence and found such waiver to be valid. Transcript at 16. The Court also asked McDaniels in open court whether anyone had forced him in any way to enter a plea of guilty, which McDaniels denied. To the contrary, McDaniels verified that the decision to plead guilty was his "own knowing, free and voluntary act." Transcript at 29. McDaniels also affirmed that he was satisfied in all respects with the advice and representation provided by his attorney.

As explained by Judge Ambrose in *Joseph*:

> [I]t is important to note the Supreme Court's observation that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The Court concludes that enforcement of McDaniels's plea agreement, including his waiver of his right to file a § 2255 collateral attack of his conviction and/or sentence, would not work a miscarriage of justice. McDaniels's decision to enter into an agreement with the government to plead guilty to a lesser, included offense was knowing, free and voluntary. Accordingly, his § 2255 motion will be denied.

### B. Conspiracy and Ineffective Assistance of Counsel Claims

Because the Court has concluded that the § 2255 waiver is valid and enforceable, the Court need not reach the specific allegations of legal error and ineffectiveness of counsel raised by McDaniels. The Court notes, however, that to succeed in such a claim, McDaniels would have to satisfy <u>both</u> of the following two prongs: (1) such deficient performance by counsel that it deprived him of his constitutional right to assistance of counsel; and (2) a reasonable probability of prejudice. On this record, there is no evidence of prejudice. To the contrary, the plea colloquy reflects that McDaniels was correctly informed of each of the elements of a conspiracy claim and that the government had sufficient evidence to satisfy each element.

McDaniels was not merely charged with a crime involving two or more people. To the contrary, as reflected in the Indictment and the plea colloquy, the government was required to prove beyond a reasonable doubt that two or more persons agreed to distribute heroin and that McDaniels was a party to that agreement. The government was also required to prove beyond a reasonable doubt that McDaniels joined the conspiracy knowing of its unlawful objective and shared a unity of purpose to achieve that objective. The factual summary of the government's evidence clearly satisfied each of these elements. The government's proffer did not portray a mere buyer-seller relationship. Instead, the government described an investigation starting with a street-level dealer and working "up the chain of distribution" to include the Pittsburgh Distributor who purchased directly from McDaniels in large quantities (200 or more bricks at a time or over 10,000 separate doses of heroin) on multiple occasions. In addition, the fact that the Pittsburgh Distributor became a cooperating witness and was not indicted does not invalidate the fact that he and McDaniels unlawfully agreed to distribute heroin. *See United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999) (membership in conspiracy can be shown by direct or

inferential evidence that Defendant knew he was part of a larger operation). In sum, the evidence strongly supports each element of the conspiracy charge and McDaniels has not been prejudiced by any alleged ineffective representation by his attorney.

    C. Career Offender Classification

McDaniels asks the Court to delay ruling on this motion so that he may again challenge his classification as a Career Offender. That relief is not warranted. That classification and calculation in the PSI was advisory, and McDaniels' ultimate sentence was based on this Court's application of the § 3553 factors. Moreover, any such challenge would have been more properly raised in a direct appeal. In this case, McDaniels filed a direct appeal which was dismissed due to the appellate waiver in his plea agreement. McDaniels has similarly waived his right to challenge his Career Offender classification by way of a § 2255 petition.

Conclusion

In conclusion, McDaniels' waiver of his right to file a § 2255 motion was valid and enforceable. In accordance with the foregoing, Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 65) will be **DENIED**. Civil Action No. 14-1708 will be docketed closed.

A certificate of appealability pursuant to 28 U.S.C. § 2253 will not be issued.

An appropriate Order follows.

                                       McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | 2: 11-cr-00200 |
| v. ) | 2: 14-cv- 1708 |
| ) | |
| **WESLEY MCDANIELS** ) | |

## ORDER OF COURT

AND NOW this 16th day of January, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1008) filed by WESLEY MCDANIELS is **DENIED**.

Civil Action No. 14-1708 shall be docketed closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
Senior United States District Judge

cc:
    Steven Kaufmann, AUSA

    WESLEY MCDANIELS
    USMS 63838-050
    F.C.I Berlin
    P.O. Box 9000
    Berlin, NH 03570
    (via US Mail)