**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.   11-200 |
| | ) | |
| WESLEY MCDANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Pending before the court is a pro se motion seeking a sentence reduction under Amendment 821, 2023 United States Sentencing Guidelines App'x C, filed by defendant Wesley McDaniels ("McDaniels") (ECF No. 78). The motion was forwarded to the Federal Public Defender's ("FPD") office for review. The FPD notified the court that a counseled motion would not be filed. On March 5, 2024, the court ordered the government to respond to McDaniels' motion. The government filed a response opposing relief (ECF No. 81). The motion is fully briefed and ripe for disposition.

<u>Factual and Procedural Background</u>

On August 30, 2011, a grand jury returned a one-count indictment against McDaniels, charging him with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin, a Schedule I controlled substance, in or about February 2009, and continuing thereafter to on or about May 9, 2011, in violation of 21 U.S.C. § 846. (ECF Nos. 1 and 2.) On May 2, 2012, the government filed an information charging prior offenses, pursuant to 21 U.S.C. § 851 (the "§ 851 information"). (ECF No. 35.) The § 851 information set forth the following convictions sustained by McDaniels prior to the indictment in this case:

- possession of controlled substance with intent to distribute within 1000 feet of school property in the New Jersey Superior Court at docket number 97-08-00681-A;

- possession of controlled substance with intent to distribute in the New Jersey Superior Court at docket number 99-05-00461-A;

- possession of a controlled substance in the New Jersey Superior Court at docket number 03-05-0395-A; and

- possession of controlled substance with intent to distribute, aggravated assault, and eluding in the New Jersey Superior Court at docket number 05-12-001690-I.

(Id.)

On May 3, 2012, McDaniels pleaded guilty to a lesser included offense at count one of the indictment, i.e., conspiracy to possess with intent to distribute and distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B)(i) and 846. On February 15, 2013, another member of the court sentenced McDaniels.   Of particular relevance to McDaniels' motion, the judge found, among other things, that McDaniels was a career offender.  Presentence Investigation Report, ECF No. 38.[1]  His guideline calculation, therefore, was based on an adjusted offense level of 34 and a criminal history category of VI (H.T. 2/15/2013 (ECF No. 61 at 25).  McDaniels was sentenced to a term of imprisonment of 262 months and a term of supervised release of ten years. (ECF No. 55.)

Legal Analysis

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

---

[1] The Presentence Report did not assign any "status points" for committing the offense while under a criminal sentence.  ECF No. 38.

1.   Amendment 821

Amendment 821 applies retroactively, if the defendant is still serving a term of imprisonment. U.S.S.G. § 1B1.10.  The sentencing guidelines make clear that "a reduction in the defendant's term of imprisonment is **not** authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . (ii) an amendment listed in subsection (d) is applicable to the defendant **but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . .**" U.S.S.G. § 1B1.10, comment. (n.1) (emphasis added).

Prior to the adoption of Amendment 821, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence.  Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1.  McDaniels was not assigned any status points and, therefore, this aspect of Amendment 821 does not benefit him.

McDaniels also points to the portion of Amendment 821 that creates a new guideline, U.S.S.G. § 4C1.1 (Adjustment for Certain Zero-Point Offenders). If an offender meets all 10 listed criteria," the offense level is reduced by 2 levels.  There is a fundamental problem with McDaniels' argument in this case – he is not a 0-point offender.  To the contrary, he has 12 criminal history points and was classified as a career offender.

In sum, McDaniel is not eligible for a sentence reduction because Amendment 821 does not have the effect of lowering his guideline range.  McDaniels was properly designated as a career offender and the operation of the Career Offender guideline is what dictated his criminal

history category of VI and his applicable guideline sentencing range. *United States v. Ramos*, No. CR 08-274-2, 2024 WL 1659884, at *3 (E.D. Pa. Apr. 17, 2024); *United States v. Murphy*, No. 1:21-CR-906, 2024 WL 887538, at *3 (D.N.J. Feb. 29, 2024).   If calculated now, McDaniels's guideline range would remain the same as it was at sentencing, due to the Career Offender provision.  A reduction in his term of imprisonment, therefore, is not authorized under Amendment 821.  The court does not reach the second step of the *Dillon* analysis.

Conclusion

  For the reasons set forth above, McDaniels' motion for sentence reduction (ECF No. 78) will be DENIED.

  An appropriate order will be entered.

Dated:  July 23, 2024

           /s/ Joy Flowers Conti
           Joy Flowers Conti
           Senior United States District Court Judge