IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 11-200 |
| **WESLEY MCDANIELS**, | ) |
| | ) |
| Defendant. | ) |

<u>**MEMORANDUM OPINION**</u>

**I.      Introduction**

Pending before the court is a second pro se motion filed by defendant Wesley McDaniels ("McDaniels" or "defendant") for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 (ECF No. 86). The government filed a response in opposition to the motion (ECF No. 89) and the motion is ripe for decision.

**II.     Factual and Procedural Background**

The court reiterates and incorporates the background set forth in the opinion denying McDaniels' first motion for sentence reduction (ECF No. 76). On August 30, 2011, a grand jury returned a one-count indictment against McDaniels, charging him with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin, a Schedule I controlled substance, in or about February 2009, and continuing thereafter to on or about May 9, 2011, in violation of 21 U.S.C. § 846. (ECF Nos. 1 and 2.) On May 2, 2012, the government filed an information charging prior offenses, pursuant to 21 U.S.C. § 851 (the "§ 851 information"). (ECF No. 35.) The § 851 information set forth the following convictions sustained by McDaniels prior

to the indictment in this case:

- possession of controlled substance with intent to distribute within 1000 feet of school property in the New Jersey Superior Court at docket number 97-08-00681-A;

- possession of controlled substance with intent to distribute in the New Jersey Superior Court at docket number 99-05-00461-A;

- possession of a controlled substance in the New Jersey Superior Court at docket number 03-05-0395-A; and

- possession of controlled substance with intent to distribute, aggravated assault, and eluding in the New Jersey Superior Court at docket number 05-12-001690-I.

(Id.)

On May 3, 2012, McDaniels pleaded guilty to a lesser included offense at count one of the indictment, i.e., conspiracy to possess with intent to distribute and distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B)(i) and 846. On February 15, 2013, the Honorable Terrance McVerry sentenced McDaniels as a career offender[1] to a term of imprisonment of 262 months and a term of supervised release of ten years. (ECF No. 55.) Judge McVerry—at sentencing and in consideration of the § 851 information—found, among other things, that:

– McDaniels—as a career offender—had an adjusted offense level of 34 and a criminal history category of VI (H.T. 2/15/2013 (ECF No. 61 at 25);

– the statutory minimum term of imprisonment was ten years and the statutory maximum term of imprisonment was life, pursuant to 21 U.S.C. § 841(b)(1)(B)(i) (amended 2018) (id.);

– the sentencing guideline range for imprisonment applicable to McDaniels was 262 months to 327 months (id.).

On December 21, 2018, Congress enacted, and the President signed into law, the First Step

---

[1] Judge McVerry found McDaniels was a career offender because he was at least 18 years old when he committed the instant felony-controlled substance offense and he had three prior convictions for controlled substance offenses. (H.T. 2/15/2013 (ECF No. 60) at 25); ECF No. 38 ¶ 22.)

2

Act. The First Step Act reduced mandatory minimum penalties for some drug offenders and changed the conditions under which the mandatory minimum penalties apply. United States v. Aviles, 938 F.3d 503, 508 (3d Cir. 2019); United States Sentencing Commission, Office of Education & Sentencing Practice, FIRST STEP Act, INSIDER EXPRESS SPECIAL EDITION, January 2019, at 2. More specifically, Section 401 of the First Step Act "replaced the term 'felony drug conviction' with 'serious drug felony' and limited the offenses that qualified for that mandatory sentence." Aviles, 938 F.3d at 508 (citing First Step Act § 401(a)(2)(A)(ii)). "The First Step Act provides that the amendments made by it 'shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'" Id. (quoting First Step Act § 401(c)).

On June 30, 2020, McDaniels filed his first motion for release/reduced sentence under the First Step Act. (ECF No. 68.) McDaniels argued that the Court should reduce his sentence because, among other reasons, his prior offenses do not constitute "serious drug felonies[,]" and, therefore, if he was sentenced today, he would not be subject to the increased penalties of § 841(b)(1)(B)(i). (Id. at 1.) McDaniels conceded that his sentence in this case was imposed prior to the enactment of the First Step Act, and, therefore, the Act does not apply to him. (Id.) McDaniels argued, however, that the Court should consider the First Step Act amendments and how they would apply to him if he was sentenced today to determine whether he should be granted compassionate release. (Id.) (ECF No. 76 at 2-4).

On November 13, 2020, the court entered an opinion and order denying McDaniels' motion (ECF Nos. 76, 77). That court acknowledged that "McDaniels is correct that, if he was sentenced today and the First Step Act amendments to § 841(b)(1)(B)(i) applied to him, he would be subject to a lower sentencing guideline range." ECF No. 76 at 17. The court explained

3

that the new guideline range would be 188-235 months, not 120-150 months, as McDaniels argued. The court held that the term of imprisonment McDaniels would receive if sentenced after passage of the First Step Act did not constitute an extraordinary and compelling reason for compassionate release, as determined by the United States Court of Appeals in <u>United States v. Andrews</u>, 12 F.4th 255 (3d Cir. 2021). This court explained, in relevant part:

> The [Third Circuit Court of Appeals] held [in <u>Andrews</u>] that it could not consider the First Step Act amendments, which Congress determined would not retroactively apply, as extraordinary and compelling reasons for the defendant's compassionate release. The court explained that generally it is the province of Congress to determine "'the temporal reach of statutes[,]'" and the court must "give a statute 'its intended [temporal] scope.'" <u>Id.</u> (quoting <u>Landgraf v. USI Film Prod.</u>, 511 U.S. 244, 273 (1994)).

ECF No. 76 at 21. The court concluded: "The First Step Act explicitly provides that it does not retroactively apply to a defendant like McDaniels, who committed his offense and was sentenced prior to the enactment of the Act." <u>Id.</u> at 22.

### III.    Discussion

McDaniels, acting pro se, again seeks a sentence reduction under § 3582(c)(2)(A). He essentially repeats many of the arguments he presented in his first motion.[2] He cites the following extraordinary and compelling reasons: (1) he has served more than 10 years of an unusually long sentence, per U.S.S.G. § 1B1.13 (b)(6); (2) due to a change in the law, he would not be classified as a career offender if sentence was imposed today; and (3) he is no longer the man he used to be "through much soul searching and rehabilitation." (ECF No. 86 at 4). McDaniels contends that he is a low risk for recidivism. *See* FSA Recidivism Risk Assessment, ECF No. 86-3. He submitted

---

[2] McDaniels' request to the warden for compassionate release cited his high blood pressure and cholesterol. ECF No. 86-1. McDaniels does not assert those medical conditions in his current motion as a basis for compassionate release. In any event, it appears that those conditions are being treated by the Bureau of Prisons and do not rise to the level of severity needed to justify compassionate release. (ECF Nos. 89-1, 89-2).

4

a letter from his girlfriend, which represented that she lived in a low-crime community and had a plan for McDaniels to secure employment upon his release. ECF No. 86-4. McDaniels' release date is June 15, 2029. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited December 3, 2024.

The government contends that McDaniels failed to exhaust his administrative remedies, in part, with respect to his claim based on an unusually long sentence. The government also argues that McDaniels' pending motion fails on the merits. The court will assume, without deciding, that McDaniels exhausted his administrative remedies because it is clear that claim is barred by binding precedent.

McDaniels seeks compassionate release from imprisonment. A district court has only limited authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). The Third Circuit Court of Appeals has recognized that Congress enacted exceptions to this "general rule of finality" in 18 U.S.C. § 3582(c)(1). United States v. Easter, 975 F.3d 318, 323 (3d Cir. 2020) (explaining that "[s]entence modifications under § 3582(c) constitute 'exception[s] to the general rule of finality' of sentences") (quoting Dillon v. United States, 560 U.S. 817, 824 (2010)).

Section 3582(c)(1)(A) provides:

**(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised

5

> release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). The foregoing statutory provision sets forth a three-part analysis for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)). The court must also consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A). United States v. Doe, 833 F. App'x 366, 367 n.2 (3d Cir. 2020).

McDaniels bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478,

6

at *16 (E.D. Pa. July 6, 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020).

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation…alone' does not suffice." Adeyemi, 2020 WL 3642478, at *7 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals has explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." United States v. Handerhan, No. 19-1904, 789 F. App'x 924, 925 (3d Cir. 2019) (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)).

The 2023 Guidelines Manual contains an updated policy statement for compassionate release. As relevant to the pending motion, the policy provides that the court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to any person or the community; and (3) the reduction is consistent with the policy. U.S.S.G § 1B1.13. The policy identifies potential extraordinary and compelling reasons based on (1) medical circumstances; (2) age; (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)-(4); and (6) an "unusually long sentence." Id.

> The policy statement relating to unusually long sentences provides:
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The policy statement also contains an express limitation that nonretroactive changes in law, except as provided in (b)(6) (quoted above), cannot constitute an extraordinary and compelling reason:

> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

The rehabilitation of a defendant, by itself, cannot be an extraordinary and compelling reason; but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. 994(t)).

Many of McDaniels' arguments are based on the contention that if he was sentenced today, he would face a lower advisory guideline range because he would not be classified as a career offender. McDaniels does not contest the lawfulness of his original sentence.

In Andrews, the Third Circuit Court of Appeals explained that subsequent, nonretroactive changes to the law affecting sentencing do not create an extraordinary and compelling reason for compassionate release:

> The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. "[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute."

Andrews, 12 F.4th at 260–61 (citation omitted). The court reasoned that under Supreme Court precedent, the "ordinary practice" in federal sentencing is to withhold new sentencing changes

from defendants already sentenced, and that a practice considered "ordinary" cannot simultaneously be an "extraordinary" reason for compassionate release. Id. (citations omitted); *accord* United States v. Morris, No. 22-2204, 2022 WL 5422343, at *2 (3d Cir. Oct. 7, 2022) ("To the extent that Morris argued that intervening developments in case law made it such that he would not be sentenced as a career offender today (even if his original sentence was proper), such developments do not provide an extraordinary and compelling reason for release.").

In United States v. Rivera, No. 21-3044, 2022 WL 4533837 (3d Cir. Sept. 28, 2022), the court rejected essentially the same argument being made by McDaniels. The defendant sought compassionate release because his prior conviction no longer qualified as a predicate offense for career offender status. The court rejected this argument and explained "even assuming that the law changed in Rivera's favor, this does not constitute an extraordinary and compelling reason to warrant a sentence reduction." Id. at * 2 (citing Andrews).

In United States v. Rodriguez, No. 23-1646, 2023 WL 4077341, at *2 (3d Cir. June 20, 2023), the Third Circuit Court of Appeals rejected an argument based on the decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc) (holding that inchoate crimes like attempt are not predicate offenses for career offender status). In Rodriguez, the defendant argued that under Nasir, he no longer qualified as a career offender. The court held that even assuming the defendant was correct, he "nevertheless failed to demonstrate extraordinary and compelling reasons for a reduction." Id. The court explained that the defendant's "conviction and sentence were valid under controlling law at the time and being required to serve a valid sentence is not extraordinary and compelling." Rodriguez, 2023 WL 4077341, at *2. The court reiterated: "not benefitting from the non-retroactive application of Nasir is not extraordinary or compelling." Id.

On November 1, 2024, the Third Circuit Court of Appeals issued a precedential opinion in United States v. Rutherford, 120 F.4th 360, 374 (3d Cir. 2024), which held that the amended Policy Statement in U.S.S.G. § 1B1.13 does not abrogate Andrews. The court explained: "subsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and thus cannot be considered in determining a prisoner's eligibility for compassionate release." Id. at 376. In sum, the court in Rutherford reiterated that the holding in Andrews trumps the amendment to the guidelines. Id.

In United States v. Wilson, No. CR 14-209-1, 2024 WL 4793713 (E.D. Pa. Nov. 14, 2024), the court recognized that the holding in Rutherford is binding on district courts in this circuit:

> Our Court of Appeals in Rutherford held subsection b(6) does not abrogate Andrews. "[S]ubsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and ... cannot be considered in determining a prisoner's eligibility for compassionate release." Our Court of Appeals's directive in Andrews—not the amended Policy Statement—controls. "[T]he First Step Act's change to [section] 924(c) cannot be considered in the analysis of whether extraordinary and compelling circumstances make a prisoner eligible for compassionate release." We are bound by our Court of Appeals's present holding we cannot consider the amendment to section 924(c) in determining whether Mr. Wilson is eligible for compassionate release.

Id. at *5.

The same reasoning applies here. Even assuming that McDaniels would benefit from subsequent, nonretroactive changes in the law, his original sentence was lawful. That McDaniels may face a lower statutory or guideline regime if sentenced today, therefore, does not constitute an extraordinary and compelling reason for compassionate release. Because the court concludes that McDaniels failed to show an extraordinary or compelling reason, it need not address the § 3553 factors or whether McDaniels poses a danger to any person or the community at this time. U.S.S.G. § 1B1.13.

## IV.	Conclusion

For the reasons set forth above, McDaniels' second pro se motion to reduce sentence (ECF No. 86) will be denied.

An appropriate order will be entered.

BY THE COURT,

Dated: January 2, 2025	/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge